UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES METZ, | Case No. 3:11-cv-391 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | |
| Defendant. | |

## ORDER THAT PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 13) IS GRANTED AND PLAINTIFF IS AWARDED $3,571.08

This case is a Social Security disability benefits appeal under which the Court found that the ALJ's non-disability finding was not supported by substantial evidence and judgment was entered in favor of Plaintiff awarding benefits. (Doc. 11). Seeking to be compensated for the legal expenses incurred in obtaining the reversal and award of benefits, Plaintiff has filed a fee application (Doc. 13) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner of Social Security ("Commissioner") opposes the reasonableness of the fee request. (Doc. 15).

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 29 U.S.C. § 2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29,

1996. The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). Additionally, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. § 2412(d)(2)(A).

The Consumer Price Index ("CPI") is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average set in February 2012, was 227.663. *See* www.bls.gov/cpi. The common ratio of change, then, is 1.46 (227.663 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 statutory cap results in a current hourly rate of $182.50 ($125.00 x 1.46). *See also Mullins v. Comm'r of Soc. Sec.*, 3:10cv404 (Feb. 27, 2012) (J. Rose).

Plaintiff seeks an award of $3,571.01. When that figure is divided by the number of compensable hours (20.25), it results in an hourly fee of $176.35, which is within the EAJA's reasonable allowable fee. Therefore, under the facts of this case, an EAJA fee of

$3,571.08 is appropriate.

Therefore, the EAJA fee application (Docs. 13) is **GRANTED** as set forth herein, and Plaintiff is **AWARDED** the sum of **$3,571.08** in fees. This award satisfies Plaintiff's claims for fees, expenses, and costs under 28 U.S.C. § 2412.[1]

**IT IS SO ORDERED.**

Date: 1/2/13

Timothy S. Black
United States District Judge

---

[1] Any fees paid belong to Plaintiff and not his attorney and can be offset to satisfy pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). However, if counsel for the parties can verify that Plaintiff does not owe any pre-existing debt subject to offset, the Defendant agrees to direct the award to Plaintiff's attorney pursuant to the EAJA assignment which was signed by Plaintiff and counsel.

3