UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES METZ,

    Plaintiff,

vs.

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:11-cv-391

Judge Timothy S. Black

### ORDER GRANTING PLAINTIFF'S MOTION FOR ALLOWANCE OF ATTORNEY FEES (Doc. 17)

This is a Social Security disability benefits appeal for which Plaintiff was awarded disability benefits. (Doc. 11). Now before the Court is a motion by Plaintiff's counsel (Doc. 17) for a 25% contingency fee award. The motion is premised upon 42 U.S.C. Section 406(b)(1).[1] *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).

Defendant maintains that the motion should be denied because: (1) the application is not timely; and (2) the amount requested represents a windfall.

### A. Timeliness

First, Defendant argues that Plaintiff's fee application was not timely filed.

---

[1] Section 406(b)(1) provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment..."

However, the evidence supports a finding that Plaintiff's representative did in fact file the required written notice with the Social Security Department within 60 days of the Notice of Award as required. (Doc. 19, Ex. A). *See also* 20 C.F.R. § 404.1730(c)(1). In fact, since the Notice of Award was issued, Plaintiff's representative repeatedly apprised Social Security of his intention to file the petition. (Doc. 19, Ex. B). Accordingly, there is no basis to deny Plaintiff's petition as untimely.

## B. Windfall

Next, Defendant argues that a fee award of $15,800.00 is unreasonable and would represent a windfall. A reduction in attorney fees may be warranted where the amount requested represents a windfall to the attorney in light of the time and effort expended by the lawyer. *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002). Defendant argues that the Court should reduce the amount to reflect the more reasonable rate of $360.00 per hour, for a total award of no more than $7,290.00 in fees.

Plaintiff and his counsel entered into a written contingency-fee agreement, specifying counsel's fee would be 25% of any lump sum award for past-due benefits or a minimum of $3,000, whichever is greater.[2] (Doc. 17, Ex. A). The agreement documented both Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due benefits payable to Plaintiff and counsel's willingness to accept the risk of recovering nothing in the event Plaintiff received no past-due benefits.

---

[2] Acting pursuant to 406(b)(1)(A), the Commissioner withheld 25% of Plaintiff's benefit monies ($31,242.00), as a potential contingency fee to be awarded to Plaintiff's counsel. (Doc. 17, Ex. C). Plaintiff's counsel received $15,372.00 from the Commissioner on November 18, 2013, but $15,870.00 is still being withheld. (*Id.*)

2

(*Id.*) Counsel certifies that he has spent a total of 20.25 hours representing Plaintiff before this Court and requests attorney fees in the sum of $15,800.00, which equates to a $780.25 hourly rate. (*Id.*, Ex. D). Plaintiff's counsel maintains that he has represented Plaintiff before the Social Security Administration since Mary 20, 2008, and that his representation included not only extended advocacy at administrative levels, but also over a year of litigation before this Court. (Doc. 19 at 4).

While an agreement between an attorney and client which provides for a 25% contingent fee is given a presumption of reasonableness, the agreement is not binding on the court. *See Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (*en banc*). Plaintiff's attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

An award of attorney fees under Section 406 is not unreasonable merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the requested fee by the number of attorney hours worked]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

3

*Id.* However, a reduction of the contingency-fee award may be warranted if: (1) counsel acted improperly or provided ineffective assistance; or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

This Court previously awarded fees under Section 406(b) of approximately $709 per hour. *Pickett v. Astrue*, No. 3:10cv177, 2012 U.S. Dist. LEXIS 68968, at *5-6 (S.D. Ohio May 17, 2012). In making that award, this Court noted that plaintiff's counsel's work resulted in a significant award of past-due benefits, plaintiff voluntarily entered into the contingency fee agreement, and there was no suggestion of impropriety regarding the agreement.[3] *Id.* The same facts are true here.[4] Accordingly, the requested fee ($15,800.00) does result in an undeserved windfall.[5]

Accordingly, Plaintiff's motion for allowance of attorney fees (Doc. 17) is **GRANTED** and the Commissioner is directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $15,800.00.

**IT IS SO ORDERED.**

Date: 5/12/2014

Timothy S. Black
United States District Judge

---

[3] "[A] contingent fee must be higher than a fee for the same legal services paid as they are performed." Richard A. Posner, Economic Analysis of Law (5th Ed. 1998) at § 21.9.

[4] It is also important to note that Plaintiff's counsel has been practicing law for 41 years.

[5] While each case is different and the Court declines to articulate a specific hourly rate that would be "unreasonable," the hourly rate in this case is approaching that threshold.

4